Electronically FILED by
Superior Court of California,
County of Los Angeles
6/18/2024 4:59 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

Matthew D. Clendenin. Esq. (SBN 284536)
J. Domenic Martini, Esq. (SBN 324064)
Benjamin Koh, Esq. (SBN 350712)
Singleton Schreiber, LLP
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108
T: (619) 771-3473 F: (619) 255-1515
mclendenin@singletonschreiber.com
dmartini@singletonschreiber.com
bkoh@singletonschreiber.com

Attorneys for Plaintiff Stephen Retz

# SUPERIOR COURT OF THE STATE OF

# CALIFORNIA COUNTY OF LOS ANGELES

| | |
|---|---|
| Stephen Retz,<br><br>        Plaintiff,<br><br>    v.<br><br><br>Amazon.com, Inc., and Does 1–50, inclusive,<br><br>        Defendants. | Case No.: 24TRCV02047<br><br>**Complaint for Damages**<br><br>(1) **Strict Liability – Manufacturing Defect**<br>(2) **Strict Liability – Design Defect**<br>(3) **Strict Liability – Failure to Warn**<br>(4) **Breach of Express Warranty**<br>(5) **Breach of Implied Warranty**<br>(6) **Consumer Legal Remedies Act**<br>(7) **Negligence**<br><br>**Jury Trial Demanded** |

Plaintiff Stephen Retz, an individual, brings this Complaint against Defendant Amazon.com, Inc., a Washington corporation, and Does 1–50, inclusive, (collectively, "Defendants") to recover for his personal injuries.

//

//

//

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**Summary of the Case**

1. Amazon prioritizes profits over consumer safety. This has led to predictable and preventable injuries caused by dangerous and defective third-party products sold on its platform.

2. Amazon controls the entire sales process for these third-party products, from payment collection to doorstep delivery. Despite profiting heavily from these sales, Amazon takes no measures to adequately verify and oversee its third-party sellers. Moreover, it aggressively lobbies against regulatory measures aimed at protecting consumers from such hazards.

3. When Plaintiff Stephen Retz purchased a defective third-party pressure washer kit from Amazon, he relied on the company to take reasonable measures to ensure the product's safety. However, Amazon failed in this duty, causing Plaintiff to suffer preventable personal injuries.

**Parties**

4. Plaintiff Stephen Retz is a natural person and a citizen of California residing in San Diego County.

5. Defendant Amazon.com, Inc., ("Amazon") is, and at all relevant times was, a corporation incorporated under the laws of Delaware and headquartered in Washington. Amazon markets, sells, and distributes products worldwide, including in California. Amazon does business in California, both online and through its offices and operations in California. Amazon purposely directed its activities to California and sold, distributed, advertised, and marketed the injury-causing product giving rise to this lawsuit. Amazon's contacts with California are substantial and sufficient such that the company should reasonably expect to be brought into court in California.

6. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise, of Defendants sued herein as Does 1 through 50, inclusive, under Code of Civil Procedure section 474. Plaintiff alleges based on information and belief that Defendants Does 1 through 50, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein and are legally liable to Plaintiff. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named defendants, together with appropriate charging allegations, when ascertained.

//

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

7.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, each defendant, whether actually or fictitiously named herein, was the principal, agent (actual ostensible), employee, or affiliate of each other defendant and in acting as such principal or within the course and scope of such employment, agency or affiliation, took some part in the acts and omissions hereinafter set forth, by reason of which each defendant is directly and vicariously liable to Plaintiff or the relief prayed for herein. Each reference in this complaint to "Defendant," Defendants," or a specifically named defendant refers to all named defendants and those sued under fictitious names.

### Jurisdiction and Venue

8.    This Court has jurisdiction over this action because the amount in controversy, exclusive of costs and interest, exceeds $35,000.

9.    All Defendants are subject to the personal jurisdiction of the courts of the State of California as this lawsuit arises out of, and is directly related to, Defendants' business activities in the State of California.

10.    Venue is proper in this Court because Plaintiff's personal injuries occurred in Los Angeles County.

### Factual Allegations

11.    Plaintiff Stephen Retz owns and operates a small family business offering power washing services to residential and commercial clientele across Southern California.

12.    On or around June 9, 2023, Plaintiff was preparing for a cleaning job in Los Angeles scheduled for the next day. Since he did not have his regular sewer jetter[1] at the time, he urgently needed an alternative solution.

13.    Plaintiff decided to purchase a pressure washer kit (the "Product") from Amazon's online platform. The Product was listed as sold by a third party seller as part of Amazon's "Fulfilled by Amazon" program.

//

//

---

[1] A "sewer jetter" is a high-pressure machine used to clear blockages, obstacles, and buildup from the insides of pipes, sewers, and drains.

3
COMPLAINT FOR DAMAGES

14. Plaintiff's decision to purchase the Product from Amazon was, in part, because of the characteristics, uses, and features listed on Amazon's website. Amazon's website represents that the Product is:

    a. Intended for wide-ranging applications, both indoors and outdoors;

    b. Capable of easily flushing obstacles and maintaining flow in various types of indoor and outdoor drainage systems;

    c. Designed to easily fit and slide through pipes of different sizes;

    d. Built to clean areas that are difficult to reach with standard hoses;

    e. Intended to clear blockages and flush out debris from clogged pipes;

    f. Intended to be used in situations where high pressure connections are frequently assembled or disassembled;

    g. Designed with a hose that is protected by a high-strength and resistant reinforcement layer to avoid breaking during use; and

    h. Designed with heavy-duty restrictors on both ends of the hose to ensure the Product's pressure-bearing capacity.

15. The next day, Plaintiff received the Product, which was packaged at an Amazon fulfillment center and delivered by Amazon. After receiving the Product, Plaintiff proceeded to his scheduled cleaning job.

16. Upon arrival, Plaintiff immediately got to work using the Product. After a few minutes of using the Product, Plaintiff began clearing the blockage in a pipe when the Product's hose unexpectedly ruptured. Plaintiff lost control of his hold of the Product, and the high-pressure stream of water tore the skin on his arm open, causing him to sustain personal injuries.

17. Plaintiff turned off the Product and rushed to the emergency room where he was treated for his injuries.

//

//

COMPLAINT FOR DAMAGES

**Amazon: A Critical Link in the Third-Party Product Chain of Distribution**

18.     Amazon is the world's largest e-commerce marketplace. While some products are sold directly by Amazon, the majority of its profits come from independent third-party sales. In 2022, these sales accounted for over sixty percent of Amazon's total online retail sales.[2]

19.     Amazon effectively assumes the role of the "seller" in every independent third-party sale made on its platform, as it undertakes all aspects of the sales process.

20.     When a customer purchases a third-party product that is "Fulfilled by Amazon," the customer completes the order through Amazon's checkout process. Amazon collects payment and sends it to the third-party seller itself. Amazon explicitly informs customers: "If a seller asks you to send funds directly to them, don't place the order and contact us immediately."

21.     For each third-party purchase, Amazon takes a fifty percent cut, along with the mandatory fees it collects from sellers for referrals, fulfillment, advertising, and promotions. After the purchase is complete, Amazon packs and ships the item directly to the customer's door from its global network of fulfillment centers.

22.     Despite supplanting itself as the seller in these third-party sales—and the significant profit it derives as a result—Amazon takes no measures to properly verify its third-party sellers, nor does it take any steps to ensure the products sold on its platform are reasonably safe for its customers.

23.     In 2021, Amazon aggressively lobbied against a specific measure in the Inform Consumers Act, which would have required Amazon and other online marketplaces to authenticate the identity of its third-party sellers. The measure was intended to protect online shoppers from dangerous and counterfeit products.[3]

24.     Moreover, it is settled law in California that Amazon is an "integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products." (See *Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431, 453 ["Amazon is an 'integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from

---

[2] Toogood, *Amazon selling stats* (May 10, 2024) <https://sell.amazon.com/blog/amazon-stats> [as of June 6, 2024].

[3] Greene, *Amazon successfully presses to leave consumer protections out of Senate China bill* (Jun. 9, 2021) <https://www.washingtonpost.com/technology/2021/06/09/amazon-consumer-china-legislation/> [as of June 6, 2024].

COMPLAINT FOR DAMAGES

defective products'"]; *Loomis v. Amazon.com LLC* (2021) 63 Cal.App.5th 466, 471 ["Our own review of California law on strict products liability persuades us that *Bolger* was correctly decided and that strict liability may attach . . ."]; *Lee v. Amazon.com, Inc.* (2022) 76 Cal.App.5th 200, 232 ["The trial court was clearly correct to reject Amazon's claim to be outside the chain of distribution"].)

## Causes of Action

### First Cause of Action

### Strict Liability – Manufacturing Defect

### (Against all Defendants)

25.     Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

26.     At the time the Product left the control of Defendants, the Product was dangerous and defective as a result of design and/or manufacture.

27.     At all times relevant, Defendants knew and intended that the Product would be purchased and operated by members of the general public who would rely on Defendants to distribute the Product in a safe, non-defective condition and to transmit any relevant warnings about the Product.

28.     At the time of the incident giving rise to this Complaint, the Product was being used in a manner and fashion that was foreseeable by Defendants, and in a manner in which the Product was intended to be used.

29.     Defendants knew the Product's design or manufacture was defective, or both, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

30.     In addition, the risks inherent in the design of the Product outweigh any benefits of that design.

31.     As a legal result of the aforementioned dangerous and defective condition of the Product, Plaintiff was injured and suffered damages as alleged herein. The defective condition of the Product was a substantial factor in causing Plaintiff's harm.

//

COMPLAINT FOR DAMAGES

32.    Because Defendants knew, or ought to have known, or were aware of the probable dangerous consequences of their actions; acted with malice; engaged in despicable, willful, and knowing disregard of the rights or safety of others from which malice might be inferred; and/or engaged in otherwise oppressive or fraudulent conduct, punitive damages are justified to deter Defendants from the commission of future wrongful acts.

**Second Cause of Action**

**Strict Liability – Design Defect**

**(Against all Defendants)**

33.    Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

34.    At the time the Product left the control of Defendants, the Product was dangerous and defective as a result of design and/or manufacture.

35.    At all times relevant, Defendants knew and intended that the Product would be purchased and operated by members of the general public who would rely on Defendants to distribute the Product in a safe, non-defective condition and to transmit any relevant warnings about the Product.

36.    At the time of the incident giving rise to this Complaint, the Product was being used in a manner and fashion that was foreseeable by Defendants, and in a manner in which the Product was intended to be used.

37.    Defendants knew the Product's design or manufacture was defective, or both, causing the Product to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

38.    In addition, the risks inherent in the design of the Product outweigh any benefits of that design.

39.    As a legal result of the aforementioned dangerous and defective condition of the Product, Plaintiff was injured and suffered damages as alleged herein. The defective condition of the Product was a substantial factor in causing Plaintiff's harm.

//

COMPLAINT FOR DAMAGES

40.   Because Defendants knew, or ought to have known, or were aware of the probable dangerous consequences of their actions; acted with malice; engaged in despicable, willful, and knowing disregard of the rights or safety of others from which malice might be inferred; and/or engaged in otherwise oppressive or fraudulent conduct, punitive damages are justified to deter Defendants from the commission of future wrongful acts.

## Third Cause of Action

## Strict Liability – Failure to Warn

## (Against all Defendants)

41.   Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

42.   The Product was in a dangerous and defective condition when introduced into the stream of commerce by Defendants. The Product was so defective that, when used in a way that was reasonably foreseeable, the potential risks of the Product created a substantial danger to users of the Product and others and could and would cause those serious injuries.

43.   The Product had potential risks that were known or knowable by the use of scientific knowledge available at the time of Defendants' sale of the Product. Defendants knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the Product because Defendants possessed special knowledge of the materials, design, character and assemblage of the Product. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the Product was dangerous and defective.

44.   Although possessed of special knowledge of the potential risks and substantial danger to users of the Product and others, Defendants failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Product.

45.   As a legal result of Defendants' aforementioned failure to adequately warn, Plaintiff was harmed and suffered the injuries and damages alleged herein. Defendants' lack of sufficient warning or instructions was a substantial factor in causing Plaintiff's harm.

//

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

46. Because Defendants knew, or ought to have known, or were aware of the probable dangerous consequences of their actions; acted with malice; engaged in despicable, willful, and knowing disregard of the rights or safety of others from which malice might be inferred; and/or engaged in otherwise oppressive or fraudulent conduct, punitive damages are justified to deter Defendants from the commission of future wrongful acts.

**Fourth Cause of Action**

**Breach of Express Warranty**

**(Against all Defendants)**

47. Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

48. At all times relevant, Defendants, expressly advertised, warranted, represented, and described to the general public and to Plaintiff that the Product was reasonably fit for the purpose for which it was intended.

49. Plaintiff reasonably relied on those warranties and representations.

50. The Product did not perform as advertised, warranted, represented, or described by Defendants and was not fit for the purpose for which it was intended.

51. Plaintiff took reasonable steps to notify Defendant Amazon within a reasonable time that the Product was not as represented.

52. As a legal result of the aforementioned failure of the Product to perform as represented, Plaintiff was harmed and suffered the injuries and damages alleged herein. The failure of the Product to perform as represented was a substantial factor in causing Plaintiff's harm.

//

//

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

COMPLAINT FOR DAMAGES

## Fifth Cause of Action

## Breach of Implied Warranty

## (Against all Defendants)

53. Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

54. At all times relevant, Defendants marketed, promoted, advertised, sold, and distributed the Product for use by the public at large, including Plaintiff. Defendants knew the use for which their Product was intended and represented or impliedly warranted the Product to be of merchantable quality, and safe and fit for its intended uses.

55. Defendants had a duty to exercise reasonable care in the marketing, promoting, advertising, selling, and distributing of the Product.

56. Plaintiff purchased and/or made the decision to use the Product, and actually and reasonable relied upon Defendants and its agents to disclose known defects, risks, and dangers of the Product.

57. Plaintiff had no knowledge of the falsity or incompleteness of Defendants' statements and representations concerning the Product when Plaintiff purchased the Product.

58. Defendants had access to material facts concerning the defects of the Product, and Defendants knew that users, such as Plaintiff, could not have reasonably discovered such defects.

59. By the conduct alleged, Defendants impliedly warranted to Plaintiff that the Product was merchantable and fit for the purpose intended.

60. Defendants breached this warranty by marketing, promoting, advertising, selling, and distributing the Product in a dangerous and defective condition, and by failing to warn Plaintiff of these defects.

61. As a direct and legal result of Defendants' breach, Plaintiff was injured and suffered damages as alleged herein. Defendants' breach was a substantial factor in causing Plaintiff's harm.

//

//

10

COMPLAINT FOR DAMAGES

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

## Sixth Cause of Action

## Consumer Legal Remedies Act Violation (Civ. Code § 1770)

### (Against all Defendants)

62.    Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

63.    Defendants represented that the Product had various characteristics, uses, and benefits, including those alleged in Paragraph 14 of this Complaint.

64.    Plaintiff purchased the Product from Defendants.

65.    Defendants' representations were an actual and substantial factor in Plaintiff's decision to purchase the Product from Defendants.

66.    As a result of Defendants' misrepresentations, Plaintiff was harmed and suffered the injuries and damages alleged herein, in addition to the money he paid for the Product that did not have the promised characteristics, uses, and benefits. Defendants' misrepresentations were a substantial factor in causing Plaintiff's harm.

67.    In addition to compensatory damages, Plaintiff also seeks punitive damages, costs, attorney's fees, and any other relief that the Court deems proper, as authorized by Civil Code section 1780.

## Seventh Cause of Action

## Negligence

### (Against all Defendants)

68.    Plaintiff refers to and incorporates by reference all above allegations as though fully set forth herein.

69.    Defendants owed a duty of care to its customers, including Plaintiff, to take reasonable steps to verify the independent third-party sellers utilizing Amazon's platform for sale of their products, and to ensure that products sold by these independent third-party sellers are reasonably safe for use.

70.    Defendants breached that duty by failing to take reasonable measure to verify the independent third-party seller of the Product as a legitimate, reliable, and trust-worthy seller, and by failing to ensure that the Product was reasonably safe for use.

11

71.    As a direct and legal result of Defendants' aforementioned negligence, Plaintiff was injured and suffered damages as alleged herein. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

**Request for Relief**

Plaintiff prays for judgment against Defendants as follows:

1.    For special economic damages, including, but not limited to the reasonable value of past and future medical expenses and past and future lost wages; and future loss of earning capacity;

2.    For non-economic damages including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof;

3.    For punitive damages;

4.    For prejudgment and pretrial interest according to proof;

5.    For costs of suit herein incurred; and

6.    For such other relief as the Court may deem just and proper.

**Demand for Jury Trial**

Plaintiff demands a jury trial on all causes of action. (U.S. Const. Amend. VII; Cal. Const. Article 1 § 16.)

Dated: June 12, 2024

SINGLETON SCHREIBER, LLP

By:  *Benjamin Koh*
_____
Matthew D. Clendenin, Esq.
J. Domenic Martini, Esq.
Benjamin Koh, Esq.
Attorneys for Plaintiff Stephen Retz

COMPLAINT FOR DAMAGES

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/18/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ C. Nava _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24TRCV02047 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Gary Y. Tanaka | M | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 06/20/2024 _____                    By C. Nava _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/20/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By _____ S. Scott _____ Deputy |
| PLAINTIFF:<br>Stephen Retz | |
| DEFENDANT:<br>Amazon.com, Inc | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24TRCV02047 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 02/27/2025 | Time: 8:30 AM | Dept.: M |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __06/20/2024__                                  **Gary Y. Tanaka**
                                                      Judicial Officer

_____ CERTIFICATE OF SERVICE Gary Y. Tanaka / Judge _____

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Torrance _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

MATTHEW D. CLENDENIN
591 Camino de la Reina, Suite 1025 Suite 1025 Suite 1025
San Diego, CA 92108

Dated: __06/20/2024__

David W. Slayton, Executive Officer / Clerk of Court

By __S. Scott__
                                          Deputy Clerk

| | | |
|---|---|---|
| LASC LACIV 132 Rev. 01/23<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter 7KUHH |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Torrance Courthouse
825 Maple Avenue, Torrance, CA 90503

**PLAINTIFF:**
Stephen Retz

**DEFENDANT:**
Amazon.com, Inc

## ORDER TO SHOW CAUSE HEARING

**Reserved for Clerk's File Stamp**

**FILED**
Superior Court of California
County of Los Angeles
06/20/2024
David W. Slayton, Executive Officer / Clerk of Court
By _____ S. Scott _____ Deputy

**CASE NUMBER:**
24TRCV02047

To the party/ attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on __02/27/2025__ at __8:30 AM__ in __Department M__ of the above court, and show cause why sanctions should not be imposed for:

Failure to file proof of service, failure to prosecute, failure to file case management conference statement

Failure to comply or appear may result in sanctions, pursuant to one or more of the following:  California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

☐ To avoid a mandatory appearance all required documents must be filed in ☐ this Dept   ☐ Clerk's Office, Room _____ at least 5 court days prior to the date of the hearing.

☐ The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

☑ You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

**Gary Y. Tanaka**

Dated: __06/20/2024__

_____
Gary Y. Tanaka / Judge
Judicial Officer

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/20/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Scott _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Stephen Retz | |
| DEFENDANT/RESPONDENT:<br>Amazon.com, Inc | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24TRCV02047 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause (Hearing) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Torrance, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


MATTHEW D. CLENDENIN
Singleton Schreiber LLP
591 Camino de la Reina, Suite 1025 Suite 1025 Suite 1025
San Diego, CA 92108


David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/20/2024                      By: _S. Scott_____
                                              Deputy Clerk


**CERTIFICATE OF MAILING**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

    - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
    - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

**CIV-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* TELEPHONE NO.: 619-771-3473<br>Benjamin Koh, Esq. (SBN 350712)<br>Singleton Schreiber, LLP<br>591 Camino de la Reina, Ste. 1025<br>San Diego, CA 92108<br><br>ATTORNEY FOR *(name):* Plaintiff Stephen Retz | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS: 825 Maple Avenue
CITY AND ZIP CODE: Torrance 90503
BRANCH NAME: Torrance Courthouse

PLAINTIFF: Stephen Retz
DEFENDANT: Amazon.com, LLC

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>24TRCV02047 |
|---|---|

To *(name of one defendant only):* Amazon.com, LLC
Plaintiff *(name of one plaintiff only):* Stephen Retz
seeks damages in the above-entitled action, as follows:

**AMOUNT**

1. **General damages**
   a. [x] Pain, suffering, and inconvenience ........................................... $ 5,000,000.00
   b. [x] Emotional distress. ...................................................................... $ 5,000,000.00
   c. [ ] Loss of consortium ...................................................................... $
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ............. $
   e. [ ] Other *(specify)* ........................................................................... $
   f. [ ] Other *(specify)* ........................................................................... $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [x] Medical expenses *(to date)* ....................................................... $ 200,000.00
   b. [x] Future medical expenses *(present value)* .................................. $ 1,000,000.00
   c. [x] Loss of earnings *(to date)* ........................................................ $ 1,000,000.00
   d. [x] Loss of future earning capacity *(present value)* ........................ $ 3,000,000.00
   e. [ ] Property damage ......................................................................... $
   f. [ ] Funeral expenses *(wrongful death actions only)* .......................... $
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ...... $
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $
   i. [ ] Other *(specify)* ........................................................................... $
   j. [ ] Other *(specify)* ........................................................................... $
   k. [ ] Continued on Attachment 2.k.

3. [x] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 50,000,000
   when pursuing a judgment in the suit filed against you.

Date: June 25, 2024

Benjamin Koh, Esq.
_____
(TYPE OR PRINT NAME)

*Benjamin Koh*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115
www.courts.ca.gov

CIV-050

| | |
|---|---|
| PLAINTIFF:Stephen Retz<br>DEFENDANT:Amazon.com, LLC | CASE NUMBER:<br>24TRCV02047 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the

   a. ☐ Statement of Damages    ☐ Other    *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant    ☐ other    *(name and title or relationship to person served):*

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*

   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)

   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))

   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*

      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.

4. Fee for service: $

5. Person serving:

   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
        (SIGNATURE)

Date:

▶ _____
        (SIGNATURE)

| | | |
|---|---|---|
| CIV-050 [Rev. January 1, 2007] | **PROOF OF SERVICE**<br>**(Statement of Damages)** | Page 2 of 2<br>Code of Civil Procedure §§ 425.11, 425.115 |

privacy, please press the Clear This Form button after yc    | Print this form | Save this form |    | Clear this form |